UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HAROLD STAFFNEY,

        Plaintiff,

v.     Case Number 12-10524
     Honorable Thomas L. Ludington

C/O LEWIS et al.,

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE, DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT WITHOUT PREJUDICE, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR COPIES AND MOTION FOR COUNSEL**

On February 7, 2012, Plaintiff Harold Staffney filed a pro se civil rights complaint and an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915(a)(1). Alleging that prison officials are responsible for the loss of his personal property in violation of 42 U.S.C. § 1983, Plaintiff names as defendants various employees of the Michigan Department of Corrections, including the warden of the Gus Harrison Correctional Facility, Paul Klee. This complaint marks (as best the Court can determine) the seventh separate civil suit brought by Plaintiff in federal court against prison officials. Each of the previous suits has been dismissed as frivolous or for failure to state a claim.

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), contains a "three strikes" provision that provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [regarding proceeding without prepayment of the filing fee], if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

> or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision thus requires a court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id*. The sole exception to this rule is when the complaint alleges facts showing that the prisoner is "under imminent danger of physical injury" as of the date the complaint is filed. *Id*.; *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998).

Plaintiff has filed more than three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. In fact, he has filed at least six. *See Staffney v. Hines*, No. 2:11-cv-14946 (E.D. Mich. Nov. 22, 2011); *see also Staffney v. Bayne*, No. 4:04-cv-41 (Apr. 12, 2004) (identifying previous dismissals in *Staffney v. Allen*, No. 1:97–cv–891 (W. D. Mich. June 18, 1998), *aff'd*, 187 F.3d 638 (unpublished table decision) (6th Cir. Aug. 12, 1999); *Staffney v. Benson*, No. 4:96–cv–55 (W. D. Mich. Mar. 12, 1996); *Staffney v. Caruso*, No. 2:95–cv–98 (W. D. Mich. July 28, 1995); and *Staffney v. Glynn*, No. 1:94–cv–56 (W. D. Mich. Feb. 11, 1994)). And although at least two of these dismissals were entered before the PLRA's enactment in 1996, they nevertheless count as "strikes." *Wilson*, 148 F.3d at 604. Plaintiff thus falls under the "three-strike" rule, and he cannot proceed without prepayment of the filing fee unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Indeed, he has already had at least two cases dismissed pursuant to 28 U.S.C. § 1915(g).

In this case, Plaintiff does not allege that he "is under imminent danger of serious physical injury." Rather, his current complaint concerns personal property that he alleges was improperly taken from him. Plaintiff has thus failed to demonstrate that he should be allowed to proceed in forma pauperis despite the fact that he has had three or more prior lawsuits dismissed as frivolous or for failure to state a claim upon which relief may be granted.

Accordingly, it is **ORDERED** that the application for leave to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED**.

It is further **ORDERED** that the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** to the filing of a new complaint with payment of the $350.00 filing fee..

It is further **ORDERED** that the motion for the court to provide copies (ECF No. 3) and Plaintiff's motion for counsel (ECF No. 6) are **DENIED AS MOOT**.

Dated: February 27, 2012

                                             s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Harold Staffney, #122425 at Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 by first class U.S. mail on February 27, 2012.

                                  s/Tracy A. Jacobs
                                  TRACY A. JACOBS