UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HAROLD STAFFNEY,

           Plaintiff,

v.                                        Case Number 12-10524
                                              Honorable Thomas L. Ludington
C/O LEWIS et al.,

           Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION AS TO NOVELTY
ISSUE OF CONSTITUTIONAL LAW AND DECISIONS OF OTHER
CIRCUIT COURTS AS TO DEFINITION OF THREE STRIKES**

On February 7, 2012, Plaintiff Harold Staffney filed a pro se civil rights complaint and an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915(a)(1). On February 27, 2012, the complaint was dismissed without prejudice because of the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). On March 7, 2012, Plaintiff filed a motion for reconsideration asserting that his claim is not brought pursuant to 42 U.S.C. § 1983, but rather 42 U.S.C. § 1985. On March 16, 2012, the Court denied Plaintiff's motion, explaining that contrary to Plaintiff's contention, 28 U.S.C. § 1915(g) does not distinguish between the two sections. *See Dubuc v. Oklahoma*, 36 F. App'x 394, 394–95 (10th Cir. 2002).

On March 28, 2012, Plaintiff filed a motion "as to novelty issue of constitutional law and decisions of other Circuit Courts as to definition of three strikes." ECF No. 11. In substance, Plaintiff is moving for reconsideration, again.

"Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court,

either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). Rather, a motion for reconsideration will be granted only if the moving party has identified a "palpable defect by which the court and the parties" were misled and demonstrates that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). Here, Plaintiff's motion presents the same issues previously ruled upon by the Court — whether Plaintiff has filed more than three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. As this Court previously explained, Plaintiff has. In fact, he has filed at least six. *See Staffney v. Hines*, No. 2:11-cv-14946, 2011 WL 5864392 (E.D. Mich. Nov. 22, 2011); *Staffney v. Bayne*, No. 4:04-cv-41 (W.D. Mich. Apr. 12, 2004) (unpublished); *Staffney v. Allen*, No. 1:97–cv–891 (W. D. Mich. June 18, 1998) (unpublished), *aff'd*, 187 F.3d 638 (unpublished table decision) (6th Cir. Aug. 12, 1999); *Staffney v. Benson*, No. 4:96–cv–55 (W. D. Mich. Mar. 12, 1996) (unpublished); *Staffney v. Caruso*, No. 2:95–cv–98 (W. D. Mich. July 28, 1995); and *Staffney v. Glynn*, No. 1:94–cv–56 (W. D. Mich. Feb. 11, 1994) (unpublished). Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff does not do so.

Accordingly, it is **ORDERED** that the motion as to novelty issue of constitutional law and decisions of other Circuit Courts as to definition of three strikes (ECF No. 11) is **DENIED**.

Dated: April 13, 2012

                                         s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Harold Staffney, #122425 at Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 by first class U.S. mail on April 13, 2012.

           s/Tracy A. Jacobs
           TRACY A. JACOBS