UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HAROLD STAFFNEY,

                Plaintiff,

v.                                        Case Number 12-10524
                                        Honorable Thomas L. Ludington

C/O LEWIS et al.,

                Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On February 7, 2012, Plaintiff Harold Staffney filed a pro se civil rights complaint and an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915(a)(1). On February 27, 2012, the complaint was dismissed without prejudice because of the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g).

On March 7, 2012, Plaintiff filed a motion for reconsideration asserting that his claim is not brought pursuant to 42 U.S.C. § 1983, but rather 42 U.S.C. § 1985. On March 16, 2012, the Court denied Plaintiff's motion, explaining that contrary to Plaintiff's contention, 28 U.S.C. § 1915(g) does not distinguish between the two sections. *See Dubuc v. Oklahoma*, 36 F. App'x 394, 394–95 (10th Cir. 2002).

On March 28, 2012, Plaintiff filed a motion "as to novelty issue of constitutional law and decisions of other Circuit Courts as to definition of three strikes." ECF No. 11. In substance, Plaintiff was moving for reconsideration, again. His motion presented the same issues previously ruled upon by the Court — specifically, whether Plaintiff has filed more than three prior civil actions which have been dismissed as frivolous. On April 13, 2012, the Court denied the motion.

On April 20, 2012, Plaintiff moved for reconsideration for a third time.  ECF No. 13.  In the motion now before the Court, Plaintiff yet again reiterates his previously made arguments and again requests appointment of counsel.

Eastern District of Michigan Local Rule 7.1(h) permits any party to move for reconsideration of the Court's conclusions within fourteen days of the entry of the order.  E.D. Mich. L.R. 7.1(h)(1).

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(2).  "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain."  *Scozzari v. City of Clare*, 723 F. Supp. 2d 974, 981–82 (E.D. Mich. 2010) (citation and quotation marks omitted).   Furthermore, failure to address an issue constitutes a waiver or abandonment of the argument. *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  Motions for reconsideration "are aimed at *re* consideration, not initial consideration." *Id*.; *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration.").

Plaintiff's motion for reconsideration primarily restates arguments that have already been provided to and considered by the Court and states his disagreement with the Court's previous orders.  Additionally, for the first time Plaintiff raises an "imminent harm" argument.  Plaintiff asserts that a fellow prisoner, who is a non-party to this litigation, has threatened Plaintiff.  The

motion does not, however, "demonstrate a palpable defect by which the court and the parties [were] misled" and consequently must be denied.  E.D. Mich. L.R. 7.1(g).  Moreover, based on the foregoing, the Court further finds that the repeated filings are repetitive, frivolous, and thereby interfere with the Court's ability to fairly dispense justice.

Accordingly, it is **ORDERED** that the motion for reconsideration (ECF No. 13) is **DENIED**.

It is further **ORDERED** that Plaintiff's requests for appointment of counsel and to proceed without prepayment of filing fees (ECF No. 13) are **DENIED**.

It is further **ORDERED** that Petitioner is prohibited from filing any further pleadings or motions of any kind in this case.  Further pleadings or motions of any kind will not be filed, but will be returned by the clerk unopened.

Dated: June 28, 2012

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Harold Staffney, #122425 at Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 by first class U.S. mail on June 28, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS

-3-